**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Michael David BOOTH, Defendant—Appellant.**

**No. 05–30227.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 18, 2006.*

Decided Aug. 31, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas O. Rice, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

William T. Hines, Esq., Seattle, WA, for Defendant—Appellant.

Before: PREGERSON, NOONAN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

For the third time, Defendant/Appellant Michael David Booth appeals from the sentence imposed following his conviction by a jury in the Eastern District of Washington of over eighty counts of wire fraud and money laundering. The case was last before us in October 2004, when we remanded the case to the district court "for such further proceedings as the district court deem[ed] appropriate" in light of the Supreme Court's then-pending decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On

remand, the district court conducted a re-sentencing hearing and again imposed a sentence of 162 months. This appeal ensued.

Booth first argues that his sentence is unreasonable because the district court was determined to re-impose a 162–month sentence and because the court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a). We are unpersuaded. Booth is correct that, post-*Booker*, a district court "must consider the factors provided in 18 U.S.C. § 3553(a) in fashioning the appropriate sentence for the individual defendant." *United States v. Ameline*, 409 F.3d 1073, 1092 (9th Cir. 2005). But the district court here fulfilled that obligation. The district court first considered the "nature and circumstances of the offense," remarking on the sheer number of Booth's crimes and on the fact that Booth had preyed on gullible victims and caused serious financial and emotional harm. Next, the district court considered Booth's "history and characteristics," noting that Booth had engaged in similar fraudulent activities in the past and adopting the Presentence Report's extensive findings to that effect. Nothing in the record suggests that the district court's decision to re-impose a sentence of 162 months was based on a disregard for the law or was motivated by any improper consideration. Accordingly, we are satisfied that Booth's sentence is reasonable.

Booth next claims that the district court violated 18 U.S.C. § 3553(c)(2) because it did not provide an adequate statement of its reasons for imposing an above-Guidelines sentence. Our review of the record, however, satisfies us that the district court fully explained its reasoning, both orally at the resentencing hearing and in a written

statement of reasons accompanying its judgment.

Finally, Booth asserts that the district court erred by basing Booth's sentence on facts not proven beyond a reasonable doubt. This argument is meritless. We have explicitly held that, following *Booker,* "district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard." *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006). The district court did not err in applying the preponderance standard here.

Booth's sentence is therefore AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.